# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

RAMON M. LIZ

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Pennsylvania Department of Corrections, D. Varner, Keri Moore, K. OWENS, MR. Rickson, Jaime Sorber, Mike Boykins SENIOR

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. ____________________

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: RAMON M. LIZ

All other names by which you have been known:

ID Number: QC-3557

Current Institution: Sci-PHeoNix correctional facility

Address: 1200 MoKychic Drive

Collegeville (City) P.A. (State) 19426 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: D. VarNeR

Job or Title *(if known)*: Chief Grievance officer

Shield Number:

Employer: PeNNSylvania Department of Corrections

Address: 1920 Technology PARKWAY

Mechanicsburg (City) P.A. (State) 17050 (Zip Code)

☑ Individual capacity ☑ Official capacity

Defendant No. 2

Name: KeRi Moore

Job or Title *(if known)*: Acting agent for D. VarNer

Shield Number:

Employer: PeNNSylvaNia Department of Corrections

Address: 1920 Technology PARKWAY

Mechanicsburg (City) P.A. (State) 17050 (Zip Code)

☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name: K. OWENS

Job or Title *(if known)*: Grievance Coorinator

Shield Number:

Employer: Pennsylvania Department of Corrections

Address: 1200 Mokychic Drive

Collegeville (City) P.A. (State) 19426 (Zip Code)

[✓] Individual capacity [✓] Official capacity

Defendant No. 4

Name: Mike Boykins Senior

Job or Title *(if known)*: Maintenance (repair man)

Shield Number:

Employer: Pennsylvania Department of Corrections

Address: 1200 Mokychic Drive

Collegeville (City) P.A. (State) 19426 (Zip Code)

[✓] Individual capacity [✓] Official capacity

OTHER DEFENDENTS ON TOP OF PAGE 1 OF ATTACHMENTS

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Risk of Injury: Deliberate indifference or callous disreguard for prisoners safety violates the Eigth Amendment to the United States Constitution if it creates an unreasonable Risk of injury.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**Defendant**

Name- Mr. Rickson

Job Title- Maintenance (Plumber)

Employer- Department of Corrections

Address- 1200 Mokychic Dr.
Collegeville, Pa 19426

[✓] Individual Capacity [✓] Official Capaity

**Defendant**

Name- Jaime Sorber

Job Title- Superintendent at SCI Phoenix

Employer- Pennsylvania Department of Corrections

Address- 1200 Mokychic Dr.
Collegeville, Pa 19426

[✓] Individual Capacity [✓] Official Capacity

**Defendant,** Pennsylvania Department of Corrections (D.O.C) is a Department of Corrections with a principal Place of business at 1920 Technology Parkway, Mechanicsburg, Pa 17050 defendant D.O.C is vicariously liable for the conditions at SCI Phoenix, and for the acts of it's employees, agents and/or Servants including without limitation.

**Answers to Question D, on pg.4**

**Defendant, Mike Boykins Sr.** did not install the Safety Bar on the downstairs handicap shower wall properly, and did not maintenance the handicap showers, which caused my injuries and put other handicap inmates at risk of also injuring themselves.

**Defendant, Mr. Rickson** did not keep up maintenance to the drainage of the handicap shower on HB-Block at SCI Phoenix, properly, which caused me to slip and fall, and resulted to my injuries.

**Defendant, K.Owens,** the Grievance Coordinator at SCI Phoenix, who rejected and denied me any relief on my grievances, and ignored my request for a much needed MRI on my injuries.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED PAGE STARTING ON BOTTOM OF PAGE 1

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* __________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Sci-Pheonix Correctional facility. ON Block HB in the downstairs handicap Shower. First accident was ON Feb. 24, 2021 AND SECOND accident happenned in the SAME handicap Shower ON HB Block ON Sept. 9, 2021

C. What date and approximate time did the events giving rise to your claim(s) occur?

First accident happenned ON Feb 24, 2021. Between 8AM and 8:30AM
Second accident happenned ON Sept. 9, 2021
Between 1PM and 1:30PM

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE BOTTOM OF Page 2 ATTAched

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE BOTTOM OF Page 3 and 4 OF ATTAched Pages

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Basis for these CLAIMS ARE as followed:
ON Feb. 24, 2021 Due to MR. RickSON NOT maintancing drainage Problem I fell and injured Myself.
And ON Sept. 9, 2021 Due to Mike Boykins SR. NOT installing the safety bar ON the handicap wall Correctly, Caused Me TO get injured.

SEE PAGE 5 ATTAched FOR Relief

2

**Answers to Question D, on pg.4**

**Defendant, Jaime Sorber** who at that time was the Superintendent at SCI_ Phoenix, is supposed to oversee the Maintenance and Grievance Coordinator. He did not enforce the proper safety and medical care of an inmate. Instead the Superintendent, Jaime Sorber upheld the grievance coordinator's decision and also denied me any relief on my grievances requesting proper medical care, like an MRI for the injuries that I receeived from the fall in the handicap shower on Feb. 24th, 2021.

**Defendant, D.Varner** who is the Chief Grievance Coordinator at the Central Office of Pennsylvania Department of Corrections upheld the decision of the Superintendent at SCI Phoenix, by also denying me any relief. I sent them copies of all grievances in this matter, along with an appeal to the Central Office of the D.O.C, requesting an MRI for the injuries that I received from the fall, that I took in the handicap shower on Feb. 24, 2021.

**Defendant, Keri Moore,** who was acting as D.Varnes agent, also denied me any relief on the appeal that I submitted to the Central Office of Pennsylvania, Department of Corrections, rejecting my request for an MRI, for the injuries that I received on Feb. 24, 2021, when I fell in the handicap shower.

**Answers to Question D, on pg.5**

**On Feb. 24,2021**, between the time of 8 a.m.- 8:30 a.m. while taking a shower in the handicap stall, which is located downstairs on HB block, I, the plaintiff Mr. Liz slipped and fell out of the shower, due to the fact that Mr. Rickson did not keep up with the drainage of the handicap shower and I fell in. C.O. Bowen and inmate Mr. Shafik Lambak witnessed what had happened and ran into the shower. C.O. Bowen called for medical assistants and I was taken to medical in a wheelchair. While there, I was evaluated by Dr. Goldberg and he took pictures of my neck , left shoulder, arm and left knee.

**On Sept. 9, 2021,** between the time of 1 p.m.- 1:30p.m., I was in the same handicap shower in question, which is the handicap shower, downstairs on HB block. I was sitting on the metal handicap shower, fold out seat washing

3

up, and when I went to grab the safety bar on the shower wall ~~and~~ it came off the shower wall, due to the fact that it was not properly installed. As it came off the wall, it swung me out of the shower, pulling my left arm, which caused me to slip and hit my knees. I crawled on to my wheelchair in pain, and I went an informed C.O. Kopcik and Sgt. Curley about the safety bar coming off the wall and that I was experiencing pain in my neck, left arm, shoulder, and my knee. They said that I had to wait until second shift, and an hour later I was sent to medical for my pain. I was then evaluated by Mrs. Kim White, who gave me a shot in my left arm for the pain. I was the sent back to my housing unit, and did not receive an X-ray or MRI for my injuries.

**Answers to Question 5, on pg.5**

**Injuries and Medical Care received**

**On Feb. 24, 2021,** I slipped an fell in the HB handicap shower. I was then taken to medical with a swollen left knee and at the time I was experiencing a lot of pain in my neck, and left arm. I was evaluated by Dr. Goldberg, who gave me a shot for the pain and took pictures of my left knee, left shoulder, arm, and neck. I was also given an X-ray, ice and was then sent back to my housing unit. The next day, when i had awaken, I was experiencing a great deal of pain and I submitted a sick call slip, so that I could be seen by a physician.

**On March 3, 2021,** I was finally called to medical. I was then evaluated by Dr. DeSantis and I explained to him what had happened, and I was told that my back and knee was just sore from the fall that I took.

**On March 18, 2021,** I began physical therapy for my left knee and lower back. I attended physical therapy twice a month for 3 months and I had to stop because the exercises were causing me too much pain.

**On July 21, 2021,** I went to medical with left knee pain and Dr. Riley gave me an infection on my left knee fore the pain.

**On Aug. 23, 2021,** I was called for physical therapy and I refused to go because of the pain that I was experiencing in my left knee and lower back. It was inhibiting me from walking too far. Two hours later, I was assigned a wheelchair. I asked for an MRI but was denied one.

4

## Answers to Question 5, on pg.5

## Injuries and Medical Care received

**On Sept. 9, 2021,** I was injured in the same handicap shower in question. I was taken to medical with neck, left arm, left shoulder, and knee pain. I was evaluated by Mrs. Kim White at medical and given an injection in my left arm. I was then given ice for my neck and left shoulder and sent back to my housing unit. I was not given an X-ray or an MRI upon request.

**Sept.17, 2021,** I went to medical with arm, neck and left shoulder pain. After being evaluated by PA Joseph Walsh, I was told that it seems like I have inflammation in the tendon that goes in my shoulders and rotator cup. I was prescribed pregnisone for a few days and sent back to my housing unit. I was denied a MRI upon request again.

**On Oct. 4, 2021,** I was finally taken out to my outside doctor, Dr. Louis Cervantes, who is a Neurosurgeon, and he ordered an MRI on my entire body.

**Dec. 8, 2021,** I went to medical with numbness and a sharp pain shooting down my left arm. I was given another injection in my left arm, for the pain and a bag of ice. I was then sent back to my housing unit. I was also denied an X-ray and an MRI upon request.

**Relief and Compensation**

**Defendant Mr.Boykins Sr.,** I want to be compensated for the pain and suffering, along with the medical cost sustained as a result of my injuries in an amount of $3 million dollars.

**Defendant Mr.Rickson,** I want to be compensated for the pain and suffering along with the medical cost sustained as a result of my injuries in an amount of $3 million dollars.

**Defedant Pennsylvania Department of Corrections,** I want to be compensated for the pain and suffering, along the medical cost sustained as a result of my injuries in an amount of $1 million dollars.

**Defendant D.Varner,** I want to be compensated for the pain and suffering along with the medical cost sustained as a result of my injuries in an amount of $1 million dollars.

**Relief and Compensation**

**Defendant Keri Moore,** I want to be compensated for the pain and suffering along with the medical cost sustained as a result of my injuries in an amount of $1 million dollars.

**Defendant K.Owens,** I want to be compensated for the pain and suffering along with the medical cost sustained as a result of my injuries in an amount of $1 million dollars.

**Defendant Jaime Sorber,** I want to be compensated for the pain and suffering along with the medical cost sustained as a result of my injuries in an amount of $1 million dollars.

I ALSO WANT THE PENNSYLVANIA Department of CORRECTIONS TO PAY THESE COURT FEES.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Sci-PHeoNix correctional facility
1200 Mokychic Drive, Collegeville, P.A. 19426

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

ALL (BOTH ACCidenTS)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?
AT Sci-PHeoNix Correctional facility
1200 MoKychic Drive
Collegeville, P.A. 19426

2. What did you claim in your grievance? THAT I fell and about the drainage problem. AND poor Conditions of the handicap shower area In addition to the Safety bar Coming off the WAll in shower, AND asking to get my stimulation device checked Through an MRI

3. What was the result, if any? I was Denied Any Relief for my injuries and DENied MRI TiLL this DAY 12/18/21 I have NOT Received an MRI for neigther injury from both fAlls in handicap shower.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
I Submitted AN appeal to the Superintendent of Sci-PHeoNix Correctional facility. Jaime Sorber. AND Also appealed it TO CENTRAL OFFice of D.O.C
Exhibits E & F ATTAched.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
SEE Exhibits (A) THRU (G) ATTACHed
Also ATTAched is exhibit (H) a copy of a witness statment for the accident on Feb. 24, 2021 in handicap Shower

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ____________________

   Defendant(s) ____________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ____________________

3. Docket or index number

   ____________________

4. Name of Judge assigned to your case

   ____________________

5. Approximate date of filing lawsuit

   ____________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ____________________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ____________________

   Defendant(s) ____________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ____________________

3. Docket or index number

   ____________________

4. Name of Judge assigned to your case

   ____________________

5. Approximate date of filing lawsuit

   ____________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ____________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/30/21

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: RAMON M. LIZ

Prison Identification #: QC-3557

Prison Address: 1200 Mokychic Drive

Collegeville (City) P.A. (State) 19426 (Zip Code)

### B. For Attorneys

Date of signing: NOT YeT

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City State Zip Code

Telephone Number

E-mail Address

BUSINESS office
RAMON M. LIZ-QC3557
1200 Mokychic DRIVE
Collegeville, P.A. 19426

U.S.M.S. X-RAY

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

neopost
01/25/2022
US POSTAGE $002.56⁰
FIRST-CLASS MAIL
ZIP 19426
041M12252211

EASTERN DISTRICT OF
PENNSYLVANIA OFFICE OF CLERK
UNITED STATES DISTRICT COURT
PHILADELPHIA, P.A. 19106-9865
OFFICIAL BUSINESS

RECEIVED
JAN 27 2022