IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON M. LIZ,  :  |   |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-0396 |
| : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS, *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 9th day of September, 2022, upon consideration of Plaintiff Ramon M. Liz's *pro se* Amended Complaint (ECF No. 14), Motion for Counsel (ECF No. 15), and Motion for Disclosure and Discovery (ECF No. 16), it is **ORDERED** that:

1.  The Clerk of the Court is **DIRECTED** to add the following Defendants to the docket:  (1) G. Orlando; (2) Mr. P. Curley; (3) Mr. M.R. Kopcik; (4) Mr. Merrideth; (5) Wellpath Health Care; (6) Mr. Riley; (7) Mr. Goldberg; (8) Mr. Letizio; (9) Mr. Joseph Walsh; (10) Mrs. Kim White; (11) Mr. Bazel; (12) Mr. DeSantis; (13) Mr. S. Kaminsky; (14) Mrs. B. Huner; and (15) Mrs. M. Savage.

2.  The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

   a.  These claims are **DISMISSED WITH PREJUDICE**:  (1) the § 1983 claims against the Department of Corrections ("DOC"); (2) the official capacity §1983 claims against Varner, Boykins, Moore, Owens, Rickson, Sober, Orlando, Curley, Kopcik, and Merredith; (3) the official capacity §1983 claims against Dr. Riley, Dr. Goldberg, Dr. Letizio, PA Walsh, PA White, Dr. Bazel, Dr. DeSantis,

Dr. Kaminsky, Huner, and Savage; (4) the individual capacity § 1983 claims against Sorber, Varner, Moore, Owens, Orlando, Savage, and Huner based on their handling of his prison grievances; and (5) the individual capacity § 1983 claims against Boykins, and Rickson.

b.  These claims are **DISMISSED WITHOUT PREJUDICE**:  (1) the § 1983 claims against Wellpath Healthcare; and (2) the individual capacity § 1983 claims Dr. Riley. Dr. Goldberg, Dr. Letizio, PA Walsh, PA White, Dr. Bazel, Dr. DeSantis, and Dr. Kaminsky; and (3) all claims for negligence and malpractice.

3.  Liz may file a second amended complaint within thirty (30) days of the date of this Order to attempt to cure the defects identified by the Court in the claims dismissed without prejudice.  Liz may not reassert a claim already dismissed with prejudice.  Any second amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Liz's claims against each defendant.  If Liz files a second amended complaint, his second amended complaint must be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim.  The second amended complaint must include all of the bases for Liz's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **<u>For example, Liz must include in his second amended complaint the allegations supporting his deliberate indifference claims against Curley, Kopcik, and Merredith, which have not been dismissed at this time, if Liz seeks to proceed on those claims</u>**.  Claims that are not included in the second amended complaint will not be considered part of this case.  When drafting his second amended complaint, Liz should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained

in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Liz a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Liz may use this form to file his second amended complaint if he chooses to do so.[1]

5. If Liz does not file a second amended complaint the Court will direct service of his Amended Complaint on **only** Defendants Curley, Kopcik, and Merredith as to the deliberate indifference claims, as described in the Court's Memorandum.  Liz may also notify the Court that he seeks to proceed on these claims rather than file a second amended complaint.  If he files such a notice, Liz is reminded to include the case number for this case, 22-396.

6. The Clerk of the Court is **DIRECTED** to send Liz (1) a copy of this Memorandum and Order, and (2) a copy of Amended Complaint in this case (ECF No. 14).

7. The Motion for Counsel (ECF No. 15) and the Motion for Disclosure and Discovery (ECF No. 16) are **DENIED WITHOUT PREJUDICE**.  Liz may refile these motions after the Court screens any second amended complaint and his case is served.

8. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                                                             **BY THE COURT:**

                                                        /s/ John Milton Younge

                                                    **JOHN MILTON YOUNGE, J.**

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.