IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMON M. LIZ**, | : | |
| Plaintiff, | : | No. 22-cv-0396-JMY |
| | : | |
| vs. | : | |
| | : | |
| **ANTHONY LETIZIO, DO, et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                         December 19, 2025

Currently before the Court is the Plaintiff's Motion for Preliminary Injunction. (*Motion for Preliminary Injunction*, ECF No. 99.) The Court finds Plaintiff's request for injunctive relief appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Plaintiff's Motion for Preliminary Injunction will be denied.

**I.       FACTUAL AND PROCEDURAL HISTORY:**

It would be redundant and unnecessary for the Court to reiterate at any great length the factual background and procedural history associated with this matter because the Court previously filed several Memorandums that set forth the procedural history and factual background as pled in the Amended Complaint when it ruled on Plaintiff's Motion for Leave to Proceed in Forma Pauperis and Defendants' motions to dismiss. (Memorandums, ECF Nos. 6, 17, 74.) Therefore, the Court will incorporate by reference herein those portions of the Memorandum that it previously filed which set forth the factual background and procedural history associated with this matter. (*Id.*)

To briefly outline those facts that are relevant to Plaintiff's pending motion for preliminary injunction, Plaintiff is an inmate/prisoner at State Correctional Institution at Phoenix (SCI-Phoenix). (*Motion for Preliminary Injunction*.) Plaintiff alleges that, on October 15, 2025,

Dr. Patton evaluated Plaintiff and determined that he no longer needed his knee brace and modified Plaintiff's pain medication.  (*Id.*)  In addition, Plaintiff alleges that Dr. Patton determined that Plaintiff no longer required a handicap accessible cell, which would return him to a bunkbed cell.  (*Id.*)  Lastly, Plaintiff alleges that Dr. Patton advised that Plaintiff may no longer need his previously issued wheelchair.  (*Id.*)

Dr. Patton is not a named Defendant in this matter and is not represented by Counsel.

## II. LEGAL STANDARD:

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'"  *KOS Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).  In deciding whether to issue a preliminary injunction, a district court must carefully weigh four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (*citing SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir.1985)); *see also Reilly v. City of Harrisburg*, No. 16-3722, 858 F.3d 173, 179 (3d Cir. May 25, 2017) (clarifying that the first two elements are "gateway" factors and that the third and fourth elements need not be addressed by the court if the first two are not met by the petitioner).  "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."  *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005).

Where the requested preliminary injunction "is directed not merely at preserving the status quo but...at providing mandatory relief, the burden on the moving party is particularly heavy." *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (3d Cir. 1995). Intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

Fed. R. Civ. P 65 establishes guidelines for issuing injunctive relief and restraining orders. Rule 65(a) "does not always require a live hearing, and courts sometimes rule based on the parties' paper submissions, such as when the issues are strictly legal or the facts are not in dispute." Fed. R. Civ. P. 65, practice commentary; *see also Bradley v. Pittsburgh Bd. Of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990) (Rule 65(a) does not make a hearing a prerequisite for ruling on a preliminary injunction). Within the Third Circuit, a court may decide a motion for a preliminary injunction on the papers alone "[o]nly when the facts are not in dispute, or when the adverse party has waived its right to a hearing." *Professional Plan Examiners, Inc., v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984); *see also Williams v. Curtiss-Wright Corp.*, 681 F.2d 161 (3d Cir. 1982) ("It has long been recognized that a preliminary injunction may issue on the basis of affidavits and other written evidence, without a hearing, if the evidence submitted by both sides does not leave unresolved any relevant factual issue."). "[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the

3

merits or the contention of irreparable harm." *Bradley*, 910 F.2d 1175. A motion for preliminary injunction may be denied without a hearing if "the movant is proceeding on a legal theory which cannot be sustained" or "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d 1172, 1175-76 (3d Cir. 1990).

**III.    DISCUSSION:**

Plaintiff must jump a high hurdle to obtain extraordinary and emergency relief of a Preliminary Injunction. As will be discussed more fully hereinbelow, Plaintiff's request for injunctive relief will be denied because he fails to set forth facts to satisfy either the first or second elements of the above-cited four-part test use by the court to evaluate whether it should issue a preliminary injunction. Plaintiff fails to establish likelihood of success on the merits and that he is in imminent risk of suffering irreparable harm.

**A.    Plaintiff Fails to Establish Likelihood of Success on The Merits:**

Plaintiff fails to establish likelihood of success on the merits because the allegations in his motion for preliminary injunction do not sufficiently support a claim against any named Defendant for violation of 42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *Simonton v Tennis*, 437 Fed. Appx. 60, 61-62 (3d Cir. 2011) (citing *Nicini v Morra*, 212 F.3d 798, 806 (3d Cir. 2000); 42 U.S.C. § 1983.

A claim under Section 1983 must aver personal involvement by each defendant in the alleged wrong. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A claim cannot be based on mere *respondeat superior* or vicarious liability. *Rode*, 845 F.2d at 1207. For each responsible person, a complaint in a civil rights action is adequate if it states the time, place, and particular conduct of each alleged wrongful act. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff's motion for injunctive relief fails because it does not aver facts to establish that any of the named Defendants were personally involved in the medical care provided by Dr. Patton on October 15, 2025. Therefore, Plaintiff cannot establish that he will likely prevail on any claim that he asserts in his motion for injunctive relief based on purported violations of his Constitutional rights. Here, there are no allegations that Anthony Letizio, D.O. or any of the Commonwealth Defendants were personally responsible for, or even aware of, Plaintiff's medical treatment with Dr. Patton. With specific regard to Dr. Letizio, he no longer works at SCI-Phoenix, so he has no authority over any medical care and/or treatment that Plaintiff receives. Dr. Letizio has no ability to remedy the situation even if the Court were inclined to issue injunctive relief against him. Plaintiff completely fails to assert that any of the named Defendants played any part in the new incident with Dr. Patton. Without personal involvement, Plaintiff cannot maintain a Section 1983 civil rights claim against any of the named Defendants.

Plaintiff's ability to prevail on allegations asserted in his Motion for a Preliminary Injunction are equally suspect because he fails to set forth facts to establish Defendants' deliberate indifference to his known serious medical needs. Plaintiff has made no claim against any of the Commonwealth Defendants, or even Dr. Patton, that there was anything beyond his own mere distaste for Dr. Patton's diagnosis and medical treatment. To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference

to serious medical needs. *Estelle v Gamble,* 429 U.S. 97, 106 (1976). It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

In the context of inmate/prison litigation, a claim that a medical provider has been negligent in diagnosing or treating a medical condition does not state a valid claim for deliberate indifference to a known serious medical condition under the Eighth Amendment. (*Id.*) Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). The Courts have uniformly held, when considering a difference of opinion as to treatment, that this type of conduct constitutes, at best, negligence but not the deliberate indifference required by Section 1983. *Snipes v. De Tella*, 95 F.3d 586, 591 (7th Cir. 1996) (disagreement in treatment alone will not support a constitutional violation); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference of opinion between an inmate and a physician or between physicians does not give rise to an Eighth Amendment violation). Professional negligence fails to rise to the level of deliberate indifference necessary to support an Eighth Amendment action under Section 1983 against a healthcare provider. *Id.*

**B.     Plaintiff Fails to Establish that He Will Suffer Irreparable Harm if the Court Denies the Requested Injunctive Relief:**

Plaintiff has failed to present clear and convincing evidence that he is in imminent danger of irreparable harm which is a prerequisite for issuing a preliminary injunction. The moving party bears the burden of showing immediate and irreparable injury, which is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). Irreparable injury is established by showing that the moving party will suffer harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F.*

*Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The mere risk of injury is insufficient. The moving party must establish that the harm is imminent and probable." *Thakker v. Doll*, 451 F. Supp. 3d 358, 365 (M.D. Pa. 2020) (*citing Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997)). The future harm cannot "be speculative." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024); *see also ATS Tree Servs., LLC v. Fed. Trade Comm'n*, No. 24-cv-1743, 2024 WL 3511630, at *8 (E.D. Pa. July 23, 2024) ("[S]peculation of possible harm is insufficient to warrant the issuance of a preliminary injunction."). In addition, simply "[e]stablishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Group, Inc., v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980).

In his motion for injunctive relief, Plaintiff fails to set forth factual allegations to establish that he is in imminent risk of irreparable harm. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992). "Rather, the moving party must make a clear showing of *immediate* irreparable harm." *Id.* (quoting *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989)). "The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).

Any purported risk of harm alleged by Plaintiff is purely speculative and does not contain the level of specificity required to overcome the high burden of proof for the Court to award injunctive relief. For example, Plaintiff alleges that he no longer has a knee brace, has modified pain medication, may have to return to a bunkbed cell, and may have his previously issued wheelchair taken away from him. (Motion for a Preliminary Injunction.) Plaintiff fails to allege

7

that he is at risk of suffering a permanent injury or that he is at risk of impending death. At best, Plaintiff establishes that he disagrees with the plan for providing medical care established by Dr. Patton. However, based on Plaintiff's own personal account of events, he was seen by Dr. Patton and received medical care. The fact that Plaintiff – based on his own personal lay opinion and self-diagnoses – disagrees with Dr. Patton's plan for providing healthcare does not establish a right to injunctive relief.

## IV.    CONCLUSION:

The Court does not need to evaluate the last two factors in the above-cited test that is applied by courts when considering whether to issue injunctive relief because the first two factors weigh in favor of declining to award injunctive relief in this instance. *Reilly v. City of Harrisburg*, No. 16-3722, 858 F.3d 173, 179 (3d Cir. May 25, 2017) (clarifying that the first two elements are "gateway" factors and that the third and fourth elements need not be addressed by the court if the first two are not met by the petitioner). Therefore, for the reasons set forth in this Memorandum, Plaintiff's request for injunctive relief will be denied. An appropriate Order will be entered along with this Memorandum.

**BY THE COURT**:

　　/s/ John Milton Younge　　
Judge John Milton Younge

8